09-0892-ag
Ratner v. Federal Aviation Administration

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the third day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges*,
> STEFAN R. UNDERHILL,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARY RATNER,

>       *Petitioner*,

>       -v.-                                                     No. 09-0892-ag

FEDERAL AVIATION ADMINISTRATION,

>       *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**                                 CARY RATNER, East Hills, NY, *pro se*.

**FOR RESPONDENT:**                                 ANGEL COLLAKU, Office of the Chief Counsel, Federal Aviation Administration, Washington, D.C.

---

[*] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

Petition for review of a January 12, 2009 decision of the Federal Aviation Administration ("FAA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Cary Ratner ("petitioner") petitions for review of the January 12, 2009 order of the FAA decisionmaker affirming the decision by the Administrative Law Judge ("ALJ") imposing a $2,750 civil penalty against him for violating the Hazardous Materials Regulations ("HMR"). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

Petitioner argues on appeal that (1) the FAA should have brought an action and filed the complaint against his company rather than against him individually because he was conducting company business when he offered the classified hazardous material to JetBlue Airways for "checked baggage" transport; (2) the ALJ abused his discretion in not crediting testimony that was favorable to petitioner, and the ALJ was biased against petitioner; and (3) the evidence against Ratner was insufficient, not credible, and hearsay.

Pursuant to the Administrative Procedure Act, we will uphold an agency decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Green Island Power Auth. v. FERC*, 577 F.3d 148, 158 (2d Cir. 2009). Our inquiry must be "searching and careful," but under this deferential standard we cannot substitute our judgment for that of the agency. *NRDC v. FAA*, 564 F.3d 549, 555 (2d Cir. 2009) (citations omitted). We must uphold a finding of fact unless they are "unsupported by substantial evidence . . . ." 5 U.S.C. § 706(2)(E); *United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 380 (2d Cir. 2001). "Substantial evidence is more than a mere scintilla" and refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). Further, we show "special deference" to any credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor." *Yellow Freight Sys. Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

With respect to the argument that the FAA should not have brought an action against him individually, but against his company only, it is enough to say that the FAA is authorized to pursue enforcement actions against any *person* who violates the HMR by offering unlabeled hazardous materials for transport in commerce. *See* 49 C.F.R. § 171.8 (amended by 75 Fed. Reg. 5376-01 (Feb. 2, 2010)) (defining a "person" as, *inter alia*, "an individual, corporation, company, association, firm").

As to the remaining issues on appeal—that the ALJ improperly weighed the credibility of witnesses and the evidence was not sufficient or was improper—there is no indication that the FAA decisionmaker abused his discretion in upholding the ALJ's findings, or that the ALJ's findings were unsupported by substantial credible evidence. *Cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a court has "abused its discretion" only "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal quotation marks, citations, and alterations omitted)). In addition, there is no evidence on this record to support petitioner's assertion that the ALJ was biased against him.

## CONCLUSION

We have considered all of petitioner's challenges to the FAA's order and have found them to be without merit.   For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court